**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**ROGER ALLEN AUSTIN, Jr.**                                                                                    **PLAINTIFF**

**v.**                                                                                         **CIVIL ACTION NO. 4:08-CV-P58-M**

**HENDERSON COUNTY DETENTION CENTER et al.**                                          **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff initiated this civil action under 42 U.S.C. § 1983. Upon filing the instant action, he assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

The Clerk of Court sent a deficiency notice to Plaintiff on May 14, 2008. That notice was returned by the United States Postal Service marked "Return to Sender; Attempted Not Known; Unable to Forward." Plaintiff has not advised the Court of a change of address, and neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff. In such situations, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). Because it appears to this Court that Plaintiff has abandoned any interest in prosecution of this case, the Court will dismiss the case by separate order.

Date:

cc:    Plaintiff, *pro se*
       Henderson County Attorney
4414.009